**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10067 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00064-LEK-1 |
| v. | |
| RAPHAEL SAKARIA, AKA Dawg, AKA Ralph, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted September 14, 2021[**]

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Raphael Sakaria appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. We vacate the district court's order and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Sakaria's motion to expedite this appeal without oral argument is granted.

remand for the district court to reconsider Sakaria's motion.

Sakaria contends that the district court reversibly erred under *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), in which we held that "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Id*. at 802 (internal quotation marks and alterations omitted). The district court's order, issued before our decision in *Aruda*, indicates that the court may have placed impermissible weight on the Guideline. The court stated, with a citation to U.S.S.G. § 1B1.13(2), that Sakaria was "required to demonstrate" that he "is not a danger to the safety of any other person or to the community," and it then expressly incorporated that dangerousness analysis into its analysis of the 18 U.S.C. § 3553(a) factors. In light of our intervening decision in *Aruda*, we vacate and remand so that the district court can reassess Sakaria's motion for compassionate release under the standard set forth there. We offer no views as to the merits of Sakaria's § 3582(c)(1)(A)(i) motion.

**VACATED and REMANDED**.